# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1250

_____

|  |  |  |
|---|---|---|
| Jose Alonzo Corpus, | * | |
|  | * | |
| Appellant, | * | |
|  | * | Appeal from the United States |
| v. | * | District Court for the |
|  | * | District of Minnesota |
| Tony Bennett, sued as Jailer Tony | * | |
| Bennett; County of Le Sueur, | * | [UNPUBLISHED] |
| Minnesota; Pat W. Smith, Sheriff, | * | |
|  | * | |
| Appellees. | * | |

_____

Submitted: November 6, 2002

Filed: November 15, 2002

_____

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jose Alonzo Corpus appeals from the final judgment entered in the District Court[1] for the District of Minnesota granting summary judgment in favor of Le Sueur County, former Sheriff Pat W. Smith, and Jailer Tony Bennett in appellant's civil suit under 42 U.S.C. § 1983 and state law, arising out of Bennett's alleged use of

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

excessive force against Corpus while he was a detainee at the County jail. The district court concluded that appellant's complaint asserted constitutional claims against the County only, and that his evidence did not support those claims. For reversal, Corpus argues that the district court erred in granting summary judgment to defendants. For the reasons discussed below, we affirm the judgment of the district court, with the modification noted below.

Upon de novo review, we agree with the district court that the complaint failed to specify that either Bennett or Smith was being sued in his individual capacity for violations of Corpus's constitutional rights. As such those claims were made against the County alone. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (holding that in § 1983 suit against public official, plaintiff must expressly and unambiguously state defendant is being sued in individual capacity to give proper notice). We also agree with the district court that the evidence would not allow a jury to conclude that the altercation between Corpus and Bennett resulted from an unconstitutional County custom or policy. See Liebe v. Norton, 157 F.3d 574, 578-79 (8th Cir. 1998) (holding county liable only where constitutional deprivation was result of county custom or policy).

Thus, we hold that the district court properly dismissed the § 1983 claims. Because it does not appear that the district court exercised supplemental jurisdiction over the pendent state law claims, we modify their dismissal to be without prejudice. See Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir.) (per curiam), cert. denied, 519 U.S. 968 (1996).

Accordingly, we affirm the judgment as modified. We also deny Corpus's motion to supplement the record, see Barry v. Barry, 78 F.3d 375, 379 (8th Cir. 1996), and we deny appellees' motion to strike as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.